UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| I.T., et al.,<br><br>　　　　　　Plaintiff(s),<br>　　v.<br><br>CHOICEPOINT LLC d/b/a CHOICEPOINT HEALTH,<br><br>　　　　　　Defendant(s). | CASE NO. C25-00193<br><br>ORDER ON PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY |

On January 30, 2025, Plaintiffs sought leave from the Court to proceed pseudonymously in this case. Dkt. No. 2. The motion is noted for February 20, 2025, but no defendants have appeared in the matter thus far. *Id.* Because the Court finds no reason to delay disposition of this issue, the Court grants Plaintiffs' motion.

## I.   BACKGROUND

Plaintiffs I.T., A.K., S.R., and M.G. allege that Defendant ChoicePoint LLC d/b/a ChoicePoint Health ("ChoicePoint"), an addiction treatment provider, improperly installed surveillance software on its website that collects personally identifiable and sensitive information about its users. Dkt. No. 1 at 9–19. Plaintiffs further claim that ChoicePoint provides this collected information, including information obtained through ChoicePoint's online addiction evaluation, to third-party internet advertisers in exchange for marketing services. *Id.* at 2, 19–25. Plaintiffs are

all U.S. citizens suffering from substance addictions and who visited ChoicePoint's website in search of support and assistance for drug or alcohol addiction. *Id.* at 5–8.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 10(a), "the complaint must name all the parties." Therefore, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (loosely relating this presumption to the public's right to open courts and the right of private individuals to confront their accusers). The Ninth Circuit permits parties "to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). Accordingly, the Ninth Circuit directs courts to apply a "balancing test" and determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

The Ninth Circuit provides the following factors to evaluate the need for anonymity: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1067–68 (citations omitted). Courts must also consider "whether proceedings may be structured so as to mitigate [the] prejudice [at each stage of the proceedings to the non-movant]" and "decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id.* at 1068–69 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (finding that "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them")).

### III. ANALYSIS

At this stage of the case, the Court finds that Plaintiffs have sufficiently shown that their need for anonymity outweighs prejudice to ChoicePoint and the public's interest in knowing the Plaintiffs' identities. First, the Court agrees that Plaintiffs face a "severe risk of reputational harm, loss of employment prospects, and embarrassment" if they lose their anonymity in this case. Dkt. No. 2 at 3. "Courts have considered social stigmatization among the most compelling reasons for permitting anonymity." *J.J. v. Ashlynn Mktg. Grp., Inc.*, No. 24-CV-00311-GPC-MSB, 2024 WL 5130849, at *1 (S.D. Cal. Dec. 16, 2024) (cleaned up). Indeed, "[o]ne of the primary limitations suffered by individuals recovering from addiction is the continuing stigma associated with their prior drug and alcohol use." *Lopez v. Pac. Mar. Ass'n*, 657 F.3d 762, 769 (9th Cir. 2011) (Pregerson, J., concurring in part and dissenting in part). Allowing Plaintiffs to proceed pseudonymously will prevent the public—and prospective employers—from learning about Plaintiffs' addiction history via online searches. *Ashlynn*, 2024 WL 5130849, at *2. As such, the first three factors—the severity of the threatened harm, the reasonableness of Plaintiffs' fears, and Plaintiffs' vulnerability—weigh in favor of granting Plaintiffs' motion.

The Court also concludes that any prejudice to ChoicePoint is negligible. Plaintiffs represent that they will privately disclose their identities to ChoicePoint through their counsel. Dkt. No. 2 at 3. Therefore, ChoicePoint's ability to develop its case will not be impeded by Plaintiffs' anonymity. *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015). Moreover, while ChoicePoint has not yet been served and is therefore unable to offer its position on Plaintiffs' motion, to the extent it perceives some prejudice resulting from Plaintiffs' use of pseudonyms, it may later move for reconsideration on this issue.

Lastly, while the public generally has an interest in the underlying nature of this case—whether ChoicePoint is improperly collecting and disclosing sensitive user information—

disclosure of Plaintiffs' identities will not necessarily serve the public's interest. Rather, disclosure may disincentivize future similar lawsuits and potentially harm the public's interest. *Ashlynn*, 2024 WL 5130849, at *2. Additionally, the substance of Plaintiffs' case remains fully accessible to the public (*i.e.*, the complaint), and the public will have access to the outcome of this action and the Court's intermediate decisions.

Thus, all the relevant factors weigh in favor of granting Plaintiffs' request for anonymity.

## IV. CONCLUSION

For the reasons above, Plaintiffs' motion is GRANTED.

Dated this 10th day of April, 2025.

Kymberly K. Evanson
United States District Judge