HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **I.T.**, **A.K.**, **S.R.**, and **M.G.**, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>**CHOICEPOINT LLC d/b/a CHOICEPOINT HEALTH,**<br><br>Defendant | Case No.: 2:25-CV-00193-KKE<br><br>**REPLY TO RESPONSE TO MOTION TO DISMISS**<br><br>NOTE FOR MOTION CALENDAR DATE:<br>**ORAL ARGUMENT REQUESTED** |

### A. PLAINTIFFS FAIL TO STATE A CLAIM FOR INVASION OF PRIVACY.

Plaintiffs' Response in Opposition to ChoicePoint's Motion to Dismiss Amended Class Action Complaint [Dkt. 21] fails to establish that Plaintiffs' claims are not subject to dismissal.[1] In support of their Opposition, Plaintiffs make the conclusory argument that "ChoicePoint's use of the Tracking Tools constitutes public disclosure" without citing to any authority to support that

[1] Plaintiffs concede that they have not stated valid claims for Breach of Confidence and the Washington Privacy Act and do not contest the dismissal of those claims. *See* Dkt. 21 at 20, fn. 8.

proposition. *See* Dkt. 21 at 4-6. Instead, Plaintiffs mischaracterize the *Beagle v. Amazon.com, Inc.*[2] decision and rely on inapposite case law. Plaintiffs also argue that this alleged public disclosure was "highly offensive" without even alleging that their results of the survey indicated they suffered from addiction. *See* Dkt. 21 at 7-8. Plaintiffs cannot proceed anonymously, withhold any allegations concerning the results of the online screening survey that forms the entire basis of their Complaint, and argue, without legal support, that such allegations constitute "highly offensive" activity. *See* Dkt. 21 at 8, fn. 4.

Plaintiffs cite to *Guy v. Convergent Outsourcing, Inc*.[3] for the premise that "[defendant] is incorrect that publication must be to a large group. It is enough to know the information was accessed and is likely being disseminated." *See* Dkt. 21 at 5. However, *Guy v. Convergent Outsourcing, Inc*. involved a third-party hack of a consumer debt collector's database containing personal identifying information ("PII") (including social security numbers, bank account numbers, and financial account information) of 640,906 individuals. A website's use of tracking pixels is certainly not the same thing as a hacker intentionally absconding with consumer PII, the purpose of which is usually to then sell the PII. Plaintiffs' reliance on *Guy v. Convergent Outsourcing, Inc*. is misplaced.

Further, *Brahm v. Hosp. Sisters Health Sys*.[4], a Wisconsin case also cited by Plaintiffs, involved a healthcare provider's website wherein tracking pixels were installed on **both** the public facing portion of the website ***and*** the private patient portal where patients were required to log in to the portal with a username and password to access their medical information. In other words, the medical provider allowed tracking pixels to access secure portions of its website that were not

---

[2] *Beagle v. Amazon.com, Inc*., No. C24-0316JLR, 2024 WL 4028290 (W.D. Wash. Sept. 3, 2024).
[3] *Guy v. Convergent Outsourcing, Inc*., No. C22-1558 MJP, 2023 WL 4637318, at *1 (W.D. Wash. July 20, 2023).
[4] *Brahm v. Hosp. Sisters Health Sys*., No. 23-cv-444-wmc, Opinion and Order, Docket Entry 42 (June 28, 2024).

public facing and that clearly contained protected health information ("PHI") as the portal contained a patient's actual medical records. Here, ChoicePoint's Website is public facing and does not have a private component or a patient portal. There is nowhere on the Website where a consumer can create a profile or log in, and there certainly is not a patient portal containing a consumer's medical history and records. Plaintiffs' reliance on *Brahm v. Hosp. Sisters Health Sys*. is also misplaced.

Finally, Plaintiffs Response fails to address Defendant's argument as to how the publication of online screening results would be highly offensive ***where those results were not connected with the Plaintiffs' names or other personally identifiable information***. Instead, Plaintiffs wax poetic about the highly sensitive nature of addiction and its accompanying social stigma. However, there still remains a disconnect regarding how the transmission of an online self-assessment tool result (which may or may not contain an assessment of addiction), without more, can result in an invasion of privacy under the law. Plaintiffs simply have not plead facts to sufficiently support a privacy violation, and this Court should therefore grant Defendant's Motion with respect to **Count I**.

### B. PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONFIDENCE.

Plaintiffs do not dispute Defendant's arguments with respect to their claims for Breach of Confidence. *See* Dkt. 21 at 20, FN 8. Therefore, the Court should dismiss Plaintiffs' claim for Breach of Confidence, **Count II**, with prejudice.

### C. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS.

Plaintiffs argue that "when individuals visit ChoicePoint's website to explore treatment options, they understand they are communicating with a medical provider about a medical condition and reasonably expect those communications to be held in confidence." *See* Dkt. 21 at 8-9. However, Plaintiffs make no such allegations in their Amended Complaint, as discussed in Defendant's Motion. *See* Dkt. 21 at 11. Further, Defendant's Website makes clear that the Website



DarrowEverett LLP, One SE Third Ave.
Miami, FL 33131

does not provide medical advice and is for informational purposes only.[5] Finally, Plaintiffs voluntarily submitted their Sensitive Information to the Website; and completing the self-assessment tool is not required to request an appointment or contact ChoicePoint.[6] Simply put, Plaintiffs have failed to establish that ChoicePoint owed them a fiduciary duty and **Count III** should be dismissed.

### D. PLAINTIFFS' HAVE NOT ALLEGED DAMAGES TO SUPPORT A NEGLIGENCE CLAIM.

Plaintiffs' Response misunderstands the economic loss rule with respect to negligence claims. As the *Nienaber*[7] court held, and Plaintiffs acknowledge, "injury or damages may be adequately alleged where a plaintiff alleges 'a heightened risk of ***future***…loss of privacy with respect to highly sensitive information." Alleging a loss of privacy with respect to highly sensitive information is not enough, Plaintiffs must allege a "real and immediate harm" as opposed to merely "conjectural or hypothetical" harm. *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *5 (S.D. Cal. Nov. 3, 2016). Here, Plaintiffs allegations claim that they have already lost privacy with respect to highly sensitive information; there is no risk of future harm as it has already allegedly happened. Therefore, Plaintiffs must plead economic damages with certainty, which they have failed to do. **Count IV** should be dismissed.

### E. THERE IS NO IMPLIED CONTRACT BETWEEN PLAINTIFFS AND CHOICEPOINT.

Plaintiffs Response fixates on a phrase in Defendant's Privacy Policy stating, "we don't sell, trade, or give away your personal information to anyone." Yet Plaintiffs ignore the multiple sections of the Privacy Policy that further define what is meant by that phrase, including the sections

---

[5] https://www.choicepointhealth.com/medical-disclaimer (last accessed July 7, 2025)
[6] Plaintiffs' reliance on *A.J. v. LMND Medical Group, Inc*. is misplaced as that decision applied the laws of Alabama, Massachusetts, and North Carolina to the breach of fiduciary duty analysis. *See* Dkt. 21 at 9; 2024 WL 4579143 at *3-4.
[7] *Nienaber v. Overlake Hosp. Med. Ctr*., 733 F. Supp. 3d 1072 (W.D. Wash. 2024).

regarding "How we collect personal information," "information we collect automatically," "information you provide to us," "how we use personal information," and "policy of retargeting." *See* Dkt. 17-2 at 1-5. ChoicePoint's Privacy Policy makes very clear that it is using third party remarketing tracking cookies.[8] Further, the Privacy Policy provides consumers with information on their rights with respect to information provided and how to "submit, access, inspect, copy, change, or remove your information." Nowhere in the Privacy Policy does ChoicePoint "promise to protect and keep confidential all personal information collected through its Website including general browsing information not protected under HIPAA or other privacy regulations."[9] As such, Plaintiffs have not and cannot allege the existence of an implied contract, and **Count V** should be dismissed with prejudice.

### F. Plaintiffs Fail to State a Claim for Unjust Enrichment.

Simply alleging that a party has profited at the expense of another is insufficient to trigger liability under an unjust enrichment. Plaintiffs' allegations do not support the existence of any transaction between the parties and thus cannot support a claim for unjust enrichment. Accordingly, Plaintiffs' unjust enrichment claim, **Count VI,** should be dismissed with prejudice.

### G. Plaintiffs Have Not Plead a Violation of the ECPA.

First, Defendant does not agree that the use of tracking tools on its Website violates HIPAA.[10] Second, Plaintiffs cannot satisfy the crime-tort exception as outlined in Defendant's Motion. The cases cited to by Plaintiffs are inapposite, namely because they each involve websites with private patient portals or other private features, unlike ChoicePoint's website which is

---

[8] https://www.choicepointhealth.com/privacy-policy/; *see also* Dkt. 17-2 at 1-5.

[9] *See* Dkt. 21 at 12.

[10] Plaintiffs' statements that ChoicePoint does not "oppose" Plaintiffs allegations concerning HIPAA ignores the Rule 12 standard. *See* Dkt. 21 at 1. Defendants contend that even with these allegations, Plaintiffs have not stated cognizable claims for relief.



DarrowEverett LLP, One SE Third Ave.
Miami, FL 33131

completely public facing. Third, none of the cases cited by Plaintiffs involve the voluntary submission of information on the website in question. Fourth, as more fully discussed above, Defendant's Privacy Policy makes clear the information that is being gathered, and Plaintiffs consented to such gathering by voluntarily accessing the public facing Website. Finally, Plaintiffs' have only provided hypothetical allegations regarding an unknown user's online addiction survey results, and no allegations concerning any of the Plaintiffs' results, and therefore have not alleged that the specific contents of any communications were intercepted between Plaintiffs and ChoicePoint. Without more detailed allegations concerning any specific communications of any individual Plaintiff that were allegedly intercepted, Plaintiff cannot maintain an ECPA claim for failure to allege that the "contents" of any communication was intercepted. For these reasons, **Count VII** is subject to dismissal with prejudice.

### H. Plaintiffs' State Statutory Claims are Each Subject to Dismissal.

As argued in Defendant's Motion, Plaintiffs three statutory claims under Ohio, Indiana, and Washington state law are each subject to dismissal on several grounds. Each of the state statutes deals with unfair or deceptive acts or practices in connection with consumer transactions. Plaintiffs' allegations stem from the alleged "promise" made by ChoicePoint not to "sell, trade, or give away your personal information to anyone." For all the reasons previously discussed, no such promise was made to Plaintiffs as the Privacy Policy makes clear what information is and is not shared with third parties, and also explicitly outlines its third-party retargeting policy. Plaintiffs are cherry picking provisions of the Privacy Policy in the hopes of manufacturing claims under various state statutes pertaining to unfair and deceptive practices. Plaintiffs have not alleged facts sufficient to state claims under the Ohio, Indiana, or Washington state statutes, and therefore **Count VII**, **Count VIII**, and **Count IX** should be dismissed.

Date: July 8, 2025

Respectfully submitted,

By: *[/s/ Gabriel S. Saade]*

Gabriel S. Saade, Esq.
WA Bar 57883; MA BBO No.695881
gsaade@darroweverett.com
DarrowEverett LLP
One SE Third Ave., Suite 2520
Miami, FL 33131
Tel.: (305) 686-5159
Fax: (305) 686-6159

ATTORNEYS FOR DEFENDANT, CHOICEPOINT, LLC d/b/a CHOICEPOINT HEALTH