HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **I.T.**, **A.K.**, **S.R.**, and **M.G.**, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>**CHOICEPOINT LLC d/b/a CHOICEPOINT HEALTH,**<br><br>Defendant | Case No.: 2:25-CV-00193-KKE<br><br>**DEFENDANT CHOICEPOINT LLC d/b/a CHOICEPOINT HEALTH'S ANSWER AND AFFIRMATIVE DEFENSES** |

**DEFENDANT CHOICEPOINT LLC ANSWER AND AFFIRMATIVE DEFENSES**

Now comes Defendant, CHOICEPOINT LLC d/b/a CHOICEPOINT HEALTH (hereinafter "Defendant" or "Choicepoint"), and answers Plaintiffs, I.T., A.K., S.R., and M.G., on behalf of themselves and all others similarly situated, Amended Complaint as follows:

Defendant denies all allegations except those expressly admitted. Defendant preserves all defenses under FRCP 8, 12, and 23. State that references to defined terms or headings are for convenience only. Additionally, Defendant expressly denies any liability as to all counts



DarrowEverett LLP, 1 SE 3rd Ave Ste. 2520
Miami, FL 33131

dismissed pursuant to the Court's August 28, 2025, Order and incorporates the dismissal as law of the case.

## I. INTRODUCTION

1. Defendant denies the allegations contained herein.

2. Defendant denies the allegations contained herein.

3. Defendant denies the allegations contained herein.

4. Defendant denies the allegations contained herein.

5. Defendant denies the allegations contained herein.

6. Defendant denies the allegations contained herein.

7. Defendant denies the allegations contained herein.

8. Defendant denies the allegations contained herein.

9. Admit.

10. Defendant denies the allegations contained herein.

11. As to the first sentence, Defendant states that these are legal conclusions to which no response is required, as to the second sentence, Defendant denies the allegations contained therein.

12. Defendant denies the allegations contained herein.

13. Statement of relief doesn't require a response.

## II. PARTIES

14. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5).

15. Defendant denies the allegations contained herein.

16. Defendant denies the allegations contained herein.

17. Defendant denies the allegations contained herein.

18. Defendant denies the allegations contained herein.

19. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5).

20. Defendant denies the allegations contained herein.

21. Defendant denies the allegations contained herein.

22. Defendant denies the allegations contained herein.

23. Defendant denies the allegations contained herein.

24. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5).

25. Defendant denies the allegations contained herein.

26. Defendant denies the allegations contained herein.

27. Defendant denies the allegations contained herein.

28. Defendant denies the allegations contained herein.

29. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5).

30. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5).

31. Defendant denies the allegations contained herein.

32. Defendant denies the allegations contained herein.

33. Defendant denies the allegations contained herein.

34. Defendant denies the allegations contained herein.

35. Admit.

## III. JURISDICTION AND VENUE

36. Defendant neither admits nor denies, but leaves the Plaintiffs to their proof.

37. Defendant neither admits nor denies, but leaves the Plaintiffs to their proof.

38. Defendant neither admits nor denies, but leaves the Plaintiffs to their proof.

39. Defendant neither admits nor denies, but leaves the Plaintiffs to their proof.

40. Defendant neither admits nor denies, but leaves the Plaintiffs to their proof.

41. Defendant neither admits nor denies, but leaves the Plaintiffs to their proof.

## IV. FACTUAL ALLEGATIONS

42. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

43. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

44. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

45. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

46. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its

contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

47. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

48. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

49. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5).

50. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5).

51. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

52. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its

contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

53. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

54. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

55. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

56. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

57. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its

contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

58. Defendant denies the allegations contained herein.

59. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

60. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5).

61. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

62. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

63. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

64. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

65. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

66. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

67. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

68. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

69. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

70. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

71. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

72. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

73. Defendant lacks sufficient information or belief to admit or deny the allegation and therefore denies it pursuant to Rule 8(b)(5), to the extent that an answer is required, denied.

74. Defendant denies the allegations contained herein.

75. Defendant denies the allegations contained herein.

76. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

77. Defendant denies the allegations contained herein.

78. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

79. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

80. Defendant denies the allegations contained herein.

81. Defendant denies the allegations contained herein.

82. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

83. Defendant denies the allegations contained herein.

84. Defendant denies the allegations contained herein.

85. Defendant denies the allegations contained herein.

86. Defendant denies the allegations contained herein.

87. Defendant denies the allegations contained herein.

88. Defendant denies the allegations contained herein.

89. Defendant denies the allegations contained herein.

90. Defendant denies the allegations contained herein.

91. Defendant denies the allegations contained herein.

92. Defendant denies the allegations contained herein.

93. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

94. Defendant denies the allegations contained herein.

95. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.


DarrowEverett LLP, 1 SE 3rd Ave Ste. 2520
Miami, FL 33131

96. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

97. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

98. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

99. Defendant denies the allegations contained herein.

100. Defendant denies the allegations contained herein.

101. This paragraph states legal conclusions to which no response is required.

102. This paragraph states legal conclusions to which no response is required.

103. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

104. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

105. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

106. This paragraph states legal conclusions to which no response is required.

107. This paragraph states legal conclusions to which no response is required.


DarrowEverett LLP, 1 SE 3rd Ave Ste. 2520
Miami, FL 33131

108. This paragraph states legal conclusions to which no response is required.

109. This paragraph states legal conclusions to which no response is required.

110. This paragraph states legal conclusions to which no response is required.

111. This paragraph states legal conclusions to which no response is required.

112. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

113. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

114. Defendant denies the allegations contained herein.

115. This paragraph states legal conclusions to which no response is required.

116. Defendant denies the allegations contained in this paragraph and its subparts.

117. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

118. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

119. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

120. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

121. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

122. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

123. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

124. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

125. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

126. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

127. To the extent Plaintiff relies on documentation, Defendant denies the allegations and denies any inconsistent characterization of any document, which is the best evidence of its contents, and the allegations herein do not require a response, to the extent that an answer is required, denied.

128. Defendant denies the allegations contained herein.

129. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

130. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

131. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

132. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

133. Defendant denies the allegations contained herein.

## V. TOLLING AND ESTOPPEL

134. Defendant denies the allegations contained herein.

135. Defendant denies the allegations contained herein.

136. Defendant denies the allegations contained herein.

137. Defendant denies the allegations contained herein.

138. Defendant denies the allegations contained herein.

139. Defendant denies the allegations contained herein.

140. Defendant denies the allegations contained herein.

141. Defendant denies the allegations contained herein.

## VI. CLASS ALLEGATIONS

142. This paragraph states a legal conclusion to which no response is required.

143. This paragraph states a legal conclusion to which no response is required.

144. This paragraph states a legal conclusion to which no response is required.

145. This paragraph states a legal conclusion to which no response is required.

146. This paragraph states a legal conclusion to which no response is required.

147. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

148. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

149. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

150. Defendant is without sufficient knowledge to admit or deny this paragraph, and leaves the Plaintiffs to their proof, to the extent that an answer is required, denied.

151. Defendant denies the allegations contained herein.

152. Defendant denies the allegations contained herein.

153. Defendant denies the allegations contained herein.

154. Defendant denies the allegations contained herein.

155. Defendant denies the allegations contained herein.

**COUNT 1**

**COMMON LAW INVASION OF PRIVACY - INTRUSION UPON SECLUSION**

***Dismissed in accordance with Order of August 28, 2025 [D.E. 26]***

156. Defendant repeats and realleges paragraphs 1 through 155 as if fully set forth herein.

157. Defendant denies the allegations contained herein.

158. Defendant denies the allegations contained herein.

159. Defendant denies the allegations contained herein.

160. Defendant denies the allegations contained herein.

161. Defendant denies the allegations contained herein.

162. Defendant denies the allegations contained herein.

163. Defendant denies the allegations contained herein.

164. Defendant denies the allegations contained herein.

165. Defendant denies the allegations contained herein.

166. This paragraph states a request for relief, to which no response is required.

167. Defendant denies the allegations contained herein.

168. Request for relief.

**COUNT II**

**BREACH OF CONFIDENCE**

169. Defendant repeats and realleges paragraphs 1 through 168 as if fully set forth herein.

170. Statement of law.

171. Defendant denies the allegations contained herein.

172. Defendant denies the allegations contained herein.

173. Defendant denies the allegations contained herein.

174. Defendant denies the allegations contained herein.

175. Defendant denies the allegations contained herein.

176. Defendant denies the allegations contained herein.

177. Defendant denies the allegations contained in this paragraph and its subparts.

178. Defendant denies the allegations contained herein.

## COUNT III

## BREACH OF FIDUCIARY DUTY

179. Defendant repeats and realleges paragraphs 1 through 178 as if fully set forth herein.

180. Defendant denies the allegations contained herein.

181. Defendant denies the allegations contained herein.

182. Defendant denies the allegations contained herein.

183. Defendant denies the allegations contained herein.

## COUNT IV

## NEGLIGENCE

***Dismissed in accordance with Order of August 28, 2025 [D.E. 26]***

184. Defendant repeats and realleges paragraphs 150 through 154, 179 through 183 as if fully set forth herein.

185. Defendant denies the allegations contained herein.

186. Defendant denies the allegations contained herein.

187. Defendant denies the allegations contained herein.

188. Defendant denies the allegations contained herein.

189. Defendant denies the allegations contained herein.

190. Defendant denies the allegations contained herein.

191. Defendant denies the allegations contained herein.

Defendant denies the allegations contained herein.

## COUNT V

## BREACH OF IMPLIED CONTRACT

***Dismissed in accordance with Order of August 28, 2025 [D.E. 26]***

192. Defendant repeats and realleges paragraphs 155 through 163, 184 through 192, as if fully set forth herein.

193. Defendant denies the allegations contained herein.

194. Defendant denies the allegations contained herein.

195. Defendant denies the allegations contained herein.

196. Defendant denies the allegations contained herein.

197. Defendant denies the allegations contained herein.

198. Defendant denies the allegations contained herein.

**<u>COUNT VI</u>**

**UNJUST ENRICHMENT**

199. Defendant repeats and realleges paragraphs 164 through 170, 193 through 199 as if fully set forth herein.

200. This paragraph states a legal conclusion to which not response is required.

201. Defendant denies the allegations contained herein.

202. Defendant denies the allegations contained herein.

203. Defendant denies the allegations contained herein.

204. Defendant denies the allegations contained herein.

205. Defendant denies the allegations contained herein.

206. Defendant denies the allegations contained herein.

207. Defendant denies the allegations contained herein.

208. Defendant denies the allegations contained herein.

209. Defendant denies the allegations contained herein.

**<u>COUNT VII</u>**

**VIOLATIONS OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT ("ECPA")**

210. Defendant repeats and realleges paragraphs 171 through 181, 200 through 210 as if fully set forth herein.

211. This paragraph states legal conclusions to which no response is required.

212. This paragraph states legal conclusions to which no response is required.

213. Defendant denies the allegations contained herein.

214. Defendant denies the allegations contained herein.

215. This paragraph states legal conclusions to which no response is required.

216. This paragraph states legal conclusions to which no response is required.

217. This paragraph states legal conclusions to which no response is required.

218. Defendant denies the allegations contained herein.

219. Defendant denies the allegations contained herein.

220. Defendant denies the allegations contained herein.

221. Defendant denies the allegations contained herein.

222. Defendant denies the allegations contained herein.

223. Defendant denies the allegations contained herein.

224. This paragraph states legal conclusions to which no response is required.

225. Defendant denies the allegations contained herein.

226. Defendant denies the allegations contained herein.

227. Defendant denies the allegations contained herein.

228. Defendant denies the allegations contained herein.

229. Defendant denies the allegations contained herein.

230. Defendant denies the allegations contained in this paragraph and its subparts.

231. Defendant denies the allegations contained herein.

232. Defendant denies the allegations contained herein.

233. Defendant denies the allegations contained herein.

234. Defendant denies the allegations contained herein.

235. Defendant denies the allegations contained herein.

236. Defendant denies the allegations contained herein.

**COUNT VII (*sic*)**

**VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT**

***Dismissed in accordance with Order of August 28, 2025 [D.E. 26]***

237. Defendant repeats and realleges paragraphs 183 through 208, 211 through 237 as if fully set forth herein.

238. This paragraph states legal conclusions to which no response is required.

239. Defendant denies the allegations contained herein.

240. Defendant denies the allegations contained herein.

241. Defendant denies the allegations contained in this paragraph and its subparts.

242. Defendant denies the allegations contained herein.

**COUNT VIII**

**VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT ("IDCSA")**

***Dismissed in accordance with Order of August 28, 2025 [D.E. 26]***

243. Defendant repeats and realleges paragraphs 209 through 214, 238 through 243 as if fully set forth herein.

244. This paragraph states legal conclusions to which no response is required.

245. Defendant denies the allegations contained herein.

246. Defendant denies the allegations contained in this paragraph and its subparts.

247. Defendant denies the allegations contained in this paragraph and its subparts.

248. Defendant denies the allegations contained herein.

**COUNT IX**

**VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT ("WCPA")**

***Dismissed in accordance with Order of August 28, 2025 [D.E. 26]***

249. Defendant repeats and realleges paragraphs 215 through 220, 244 through 249 as if fully set forth herein.


DarrowEverett LLP, 1 SE 3rd Ave Ste. 2520
Miami, FL 33131

250. This paragraph states legal conclusions to which no response is required.

251. Defendant denies the allegations contained in this paragraph and its subparts.

252. Defendant denies the allegations contained herein.

253. Defendant denies the allegations contained in this paragraph and its subparts.

254. Defendant denies the allegations contained herein.

**COUNT X**

**VIOLATIONS OF THE WASHINGTON PRIVACY ACT ("WPA")**

***Dismissed in accordance with Order of August 28, 2025 [D.E. 26]***

255. Defendant repeats and realleges paragraphs 1 through 255 as if fully set forth herein.

256. Defendant denies the allegations contained herein.

257. Defendant denies the allegations contained herein.

## VII. AFFIRMATIVE DEFENSES

**I.** **FIRST AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of failure to state a cause of action for which relief can be granted including but not limited to failure to allege actionable damages, lack of duty, and lack of unlawful conduct.

**II.** **SECOND AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of lack of standing to bring the causes of action as outlined in Plaintiffs' Amended Complaint. Article III requirements: injury-in-fact, traceability, and redressability.

**III.** **THIRD AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of consent to the collection and use of data. Consent through Privacy Policy, Terms of Use, and informed authorization for session analytics**.**

**IV.** **FOURTH AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of lack of fiduciary relationship between Defendant and Plaintiffs.

**V.** **FIFTH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of lack of interception of "contents" pursuant to ECPA. Defendant denies any capture of the 'contents' of any communication as defined by 18 U.S.C. § 2510(8), and denies contemporaneous interception. Plaintiffs' ECPA claims are barred because Defendant did not intercept the "contents" of any electronic communication within the meaning of 18 U.S.C. § 2510(8). The ECPA defines "contents" narrowly as information concerning the substance, purport, or meaning of a communication, and excludes non-content data such as addressing information, routing data, metadata, device identifiers, or technical signals. Courts consistently hold that URLs, IP addresses, cookie data, referral headers, browser information, and analytics data do not constitute "contents" under the ECPA. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–08 (9th Cir. 2014) (transmission of Facebook ID and URLs not "contents"); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 142–43 (3d Cir. 2015) (URLs and headers not contents); *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (distinguishing contents from record or routing information). Plaintiffs allege, at most, the transmission of non-content metadata or technical information, which is not actionable under the ECPA as a matter of law.

**VI.** **SIXTH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of lack of proximate causation of Plaintiff's damages.

**VII.** **SEVENTH AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of that Plaintiffs Failure to Confer a Benefit.

**VIII.** **EIGHTH AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of assumption of risk.

**IX.** **NINTH AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of federal preemption, including under the ECPA, HIPAA, and HHS regulatory framework. Plaintiffs' claims are barred because the alleged information does not constitute Protected Health Information ("PHI") under HIPAA. PHI is limited to individually identifiable health information transmitted or maintained by a covered entity or business associate in connection with healthcare treatment, payment, or operations. 45 C.F.R. § 160.103. General website interactions—such as appointment inquiries, page views, referral URLs, IP addresses, cookies, or online questionnaires completed by non-patients—do not constitute PHI absent the existence of a patient-provider relationship. Moreover, HIPAA does not create a private right of action, and courts uniformly reject attempts to use HIPAA as a basis for civil liability. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007); *Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006). Plaintiffs' effort to bootstrap HIPAA concepts into ECPA or common-law claims fails as a matter of law.

**X.** **TENTH AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of failure to comply with statute of limitations requirements.

**XI.** **ELEVENTH AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of lack of damages.

**XII.** **TWELFTH AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of speculative and non-recoverable damages.

**XIII. THIRTEENTH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of Defendant's good faith.

**XIV. FOURTEENTH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of failure to mitigate damages.

**XV. FIFTEENTH AFFIRMATIVE DEFENSE** – Defendant pleads the affirmative defense of bars against punitive damages.

**XVI. SIXTEENTH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of laches.

**XVII. SEVENTEENTH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of waiver.

**XVIII. EIGHTEENTH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of estoppel.

**XIX. NINETEENTH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of unclean hands.

**XX. TWENTIETH AFFIRMATIVE DEFENSE –** Defendant pleads the affirmative defense of having a legitimate business purpose for Defendant's data collection and analytics practices.

**XXI. TWENTY-FIRST AFFIRMATIVE DEFENSE – FAILURE TO PLEASE COGNIZABLE DAMAGES –** Plaintiffs' claims are barred, in whole or in part, because they have failed to plead legally cognizable damages recoverable under any of the asserted theories of liability. Plaintiffs do not allege any actual, concrete, non-speculative injury, and their asserted harms are insufficient to support liability under federal or state law, including the Electronic Communications Privacy Act and any common-law theories. To the extent Plaintiffs seek statutory or punitive damages, such damages are unavailable or unrecoverable on the facts alleged.

**XXII. TWENTY-SECOND AFFIRMATIVE DEFENSE – INDEPENDENT BUSINESS PURPOSE DOCTRINE –** Defendant's conduct was undertaken in the ordinary course of business and for legitimate operational purposes, including analytics, website functionality, user experience, security measures, and other authorized business activities. To the extent Plaintiffs allege interception, access, or use of electronic communications, any such conduct falls squarely within the "ordinary course of business" exception under the ECPA and analogous state statutes, thereby barring Plaintiffs' claims. By agreeing to the Terms of Service and Privacy Policy, Plaintiffs authorized ChoicePoint to receive, process, and transmit information generated through their website interactions. ChoicePoint was therefore a **party to the communications**, and any alleged access or processing falls within the ECPA's party-to-the-communication and ordinary-course-of-business exceptions. *See In re Google Gmail Litig.*, 2014 WL 1102660, at *17 (N.D. Cal. Mar. 18, 2014); United States v. Lewis, 406 F.3d 11, 17 (1st Cir. 2005).

**XXIII. TWENTY-THIRD AFFIRMATIVE DEFENSE – NO AGENCY LIABILITY FOR THIRD-PARTY VENDORS –** Plaintiffs' claims are barred because Defendant is not legally responsible for the independent acts, omissions, or conduct of any third-party vendors, analytics providers, or technology partners. Defendant denies that any such third party acted as its agent, representative, or joint actor for purposes of imposing liability under the ECPA, Washington law, or any asserted consumer-protection or tort theory. Plaintiffs fail to allege facts sufficient to establish agency, control, joint venture, mutual assent, or any other legal basis to impute liability.

**XXIV. TWENTY-FOURTH AFFIRMATIVE DEFENSE – LACK OF EXTRATERRITORIAL APPLICATION –** Plaintiffs' claims are barred to the extent they seek to apply Washington law—or any other state's law—to conduct occurring outside that jurisdiction or involving nonresident Plaintiffs. The Washington Consumer Protection Act, Washington Privacy Act, and other state

statutes do not apply extraterritorially absent clear legislative intent. Plaintiffs have not alleged facts sufficient to establish that the alleged conduct occurred within Washington or produced the type of in-state injury necessary to trigger application of Washington law.

**XXV. TWENTY-FIFTH AFFIRMATIVE DEFENSE – CHOICE-OF-LAW LIMITATIONS –** Plaintiffs' claims are barred because they improperly apply Washington law to individuals located in multiple jurisdictions whose claims, if any, would arise under the laws of their respective home states. A choice-of-law analysis precludes the application of Washington law to a multi-state putative class where Washington has no overriding relationship to the claims, parties, or transactions at issue. Differences in the material elements, available defenses, and remedial schemes of each state's law further bar Plaintiffs' claims and defeat any proposed class treatment.

**XXVI. TWENTY-SIXTH AFFIRMATIVE DEFENSE – ECONOMIC LOSS RULE –** To the extent Plaintiffs assert tort-based claims (including breach of confidence, fiduciary duty, or negligence theories), such claims are barred by the economic loss rule, which precludes tort liability where the alleged duties arise solely from contractual or commercial relationships. Plaintiffs allege no independent duty recognized under tort law and no tangible harm beyond economic or expectancy losses.

**XXVII. TWENTY-SEVENTH AFFIRMATIVE DEFENSE – STATUTORY SAFE HARBORS AND EXCLUSIONS –** Plaintiffs' statutory claims fail because Defendant's conduct falls within the statutory exemptions, safe harbors, or exclusions under applicable federal and state laws, including the ECPA. Defendant's alleged actions were either expressly permitted by statute, exempt from liability, or insufficient to trigger statutory coverage.

**XXVIII. TWENTY-EIGHTH AFFIRMATIVE DEFENSE – RELIANCE AND CAUSATION FAILURES –** Plaintiffs' claims under the Washington Consumer Protection Act and any other

consumer-protection statute fail because Plaintiffs cannot establish reliance, causation, or deception. Plaintiffs do not allege any deceptive statement, omission, or misrepresentation attributable to Defendant, nor do they allege that they relied on any representation in choosing to use Defendant's services. Likewise, Plaintiffs cannot show that any alleged conduct caused them injury.

**XXIX. TWENTY-NINETH AFFIRMATIVE DEFENSE – CLASS ACTION DEFENSES UNDER FRCP 23** – The claims asserted by Plaintiffs are not suitable for class treatment under Rule 23 for several independent reasons, including but not limited to: (1) lack of commonality; (2) lack of predominance of common issues; (3) lack of typicality between named Plaintiffs and absent class members; (4) lack of ascertainability; (5) individualized issues of reliance, causation, exposure, and consent; (6) individualized damages inquiries; and (7) inadequacy of the named Plaintiffs to represent the interests of absent class members. Classwide relief is therefore barred.

**XXX. THIRTIETH AFFIRMATIVE DEFENSE – NO INTERCEPTION CONTEMPORANEOUS WITH TRANSMISSION** – Plaintiffs' ECPA claims are barred because Plaintiffs do not allege, and cannot prove, a contemporaneous "interception" as required by the statute. Plaintiffs' ECPA claims are independently barred because they fail to allege any contemporaneous interception of electronic communications, which is a required element under 18 U.S.C. § 2511.The Ninth Circuit has squarely held that an "interception" under the ECPA must occur at the time of transmission, not after the communication has been received or stored. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). Access to communications after transmission—such as through storage, analytics processing, or server-side logging—does not constitute interception under the statute. Courts routinely dismiss ECPA claims where the alleged access occurs after receipt or during routine processing. *See *In re Google Inc. Gmail Litig., 2013 WL 5423918, at 12–13 (N.D.*

*Cal. Sept. 26, 2013)* (no contemporaneous interception where emails were scanned after receipt); *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 503–04 (2d Cir. 2005) (post-transmission access not interception). Plaintiffs do not allege facts plausibly establishing that Defendant intercepted any communication contemporaneously with transmission. Their ECPA claims therefore fail as a matter of law.

**XXXI. THIRTY-FIRST AFFIRMATIVE DEFENSE – STORED COMMUNICATIONS / NON-CONTENTS DATA –** Plaintiffs' ECPA claims fail because they allege at most access to non-content, derivative, or metadata information, all of which fall outside the statutory definition of "contents." Defendant denies any access to or acquisition of "contents," as defined by federal law, and Plaintiffs' allegations do not plausibly state otherwise.

**XXXII. THIRTY-SECOND AFFIRMATIVE DEFENSE – IMPLIED LICENSE / CONSENT THROUGH USE –** To the extent Plaintiffs used Defendant's website or services, they did so subject to an implied license and consent to routine website analytics, data processing, cookie technologies, and similar tools widely used in the industry. Such implied consent bars any claim premised on unauthorized access or acquisition of communications.

**XXXIII. THIRTY-THIRD AFFIRMATIVE DEFENSE – NO FIDUCIARY RELATIONSHIP –** Plaintiffs' claims grounded in fiduciary obligations fail because no fiduciary relationship exists or could reasonably exist between a healthcare-adjacent service platform and its users in the context alleged. Defendant owed no heightened duty beyond those arising from ordinary consumer interactions and expressly denies any relationship giving rise to fiduciary obligations.

**XXXIV. THIRTY-FOURTH AFFIRMATIVE DEFENSE – NO UNJUST BENEFIT OR ENRICHMENT –** Plaintiffs' unjust enrichment claim fails because they did not confer any benefit upon Defendant that was unjust, inequitable, or retained without compensation. Plaintiffs allege

no measurable enrichment, no unjust retention, and no inequitable circumstances requiring restitution.

**XXXV. THIRTY-FIFTH AFFIRMATIVE DEFENSE – DE MINIMIS AND INCIDENTAL DATA –** To the extent any data was collected, such collection was minimal, incidental, non-sensitive, anonymized, or aggregated in a manner that negates any actionable invasion of privacy, damages, or violation of federal or state statutes. Plaintiffs fail to allege any meaningful privacy intrusion.

**XXXVI. THIRTY-SIXTH AFFIRMATIVE DEFENSE – FAILURE OF NOTICE AND OPPORTUNITY TO CURE –** To the extent required by any state statute, Plaintiffs failed to provide the requisite pre-suit notice, demand, or opportunity to cure, thereby barring their statutory and equitable claims.

**XXXVII. THIRTY SEVENTH AFFIRMATIVE DEFENSE – FIRST AMENDMENT AND CONSTITUTIONAL PROTECTIONS –** Certain claims are barred because Defendant's communications, operational decisions, and data-processing activities are protected by the First Amendment, the Due Process Clause, and related constitutional doctrines, including protection for lawful access and dissemination of information.

**XXXVIII. THIRTY EIGHTH AFFIRMATIVE DEFENSE – LACK OF COMMONALITY/TYPICALITY–** Plaintiffs' class claims are barred due to the lack of issues that are common to the entire class, and lack of typical claims brought by named Plaintiffs.

**XXXIX. THIRTY NINTH AFFIRMATIVE DEFENSE – LACK OF NUMEROSITY AND ADEQUACY–** Plaintiffs' class claims are barred due to the lack of sufficient class size and adequate class representatives.

**XL. FORTIETH AFFIRMATIVE DEFENSE – RESERVATION OF RIGHTS –** Defendant reserves the right to assert additional defenses as they become known through discovery,

investigation, or further proceedings. No defense asserted herein should be construed as an admission of liability or of any factual allegation in the Amended Complaint.

**XLI. FORTY FIRST AFFIRMATIVE DEFENSE – ASSENT TO TERMS OF SERVICE, PRIVACY POLICY, AND FAIR USE DISCLOSURES**. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs expressly and impliedly assented to ChoicePoint's Terms of Service, Privacy Policy, and Fair Use disclosures by voluntarily accessing and using the website. Those terms disclosed that the website employs cookies, analytics tools, session-based technologies, and third-party service providers for purposes including website functionality, performance optimization, security, and user experience. Such disclosures defeat any claim of unauthorized interception, access, or use of electronic communications. Users who proceed past notice banners, access gated content, submit forms, or otherwise interact with the website manifest assent to these terms, which govern data collection and processing practices and negate any reasonable expectation of privacy inconsistent with the disclosed uses. Courts routinely hold that assent to online terms bars ECPA and privacy-based claims where data practices are disclosed. *See In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 144–45 (3d Cir. 2015); *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176–77 (9th Cir. 2014). Because Plaintiffs agreed to the governing terms, their claims fail as a matter of law.

**XLII. FORTY SECOND AFFIRMATIVE DEFENSES-NO PROTECTED HEALTH INFORMATION (PHI)**. Plaintiffs' claims are barred to the extent they are premised on the theory that ChoicePoint's collection, processing, or transmission of data constitutes the unauthorized disclosure of "Protected Health Information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or its implementing regulations. Under HIPAA, PHI is limited to individually identifiable health information that (a) relates to the individual's health

condition, the provision of health care, or payment for health care and (b) is created, received, maintained, or transmitted by a covered entity or its business associate in connection with covered transactions. Demographic or technical metadata, website interaction data, cookies, referral headers, IP addresses, and similar information do not, standing alone, constitute PHI under the HIPAA Privacy Rule absent linkage with a designated record set of a covered entity containing health information. Moreover, Plaintiffs were not patients at the time of their alleged website interactions, and Plaintiffs do not allege that any specific piece of data at issue qualifies as PHI under HIPAA. Any alleged data transmissions are therefore not subject to HIPAA's protected-health-information framework.

**XLIII. FORTY-THIRD AFFIRMATIVE DEFENSE — HIPAA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION.** Plaintiffs' attempts to derive private rights or causes of action from HIPAA are barred because HIPAA does not confer a private right of action. Courts in the Ninth Circuit and elsewhere have repeatedly held that individuals cannot enforce HIPAA rights through private lawsuits or use HIPAA as a basis to state ancillary tort or statutory claims. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (no private right of action under HIPAA).

**XLIV. FORTY-FOURTH AFFIRMATIVE DEFENSE — NO DESIGNATED RECORD SET / NO COVERED TRANSACTION.** To the extent Plaintiffs attempt to treat any alleged website interaction data as PHI, their claims are barred because such data was not part of a designated record set related to treatment, payment, or healthcare operations maintained by a covered entity or business associate for a covered transaction. The mere display of clinical program information on a public website and Plaintiffs' voluntary access thereto does not create a designated record set under HIPAA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, ChoicePoint respectfully requests that this Court:

1. Dismiss Plaintiffs' Amended Complaint with prejudice for failure to state claims upon which relief can be granted;
2. Enter judgment in favor of ChoicePoint on all remaining claims;
3. Award ChoicePoint its costs and attorneys' fees incurred in defending this action; and
4. Grant such other and further relief as this Court deems just and proper.

Date: December 22, 2025

Respectfully submitted,

By: */s/ Gabriel S. Saade, Esq.*

Gabriel S. Saade, Esq.
WA Bar 57883
gsaade@darroweverett.com
DarrowEverett LLP
1 SE 3rd Ave., Suite 2520
Miami, FL 33131
Tel.: (305) 686-5159
Fax: (305) 686-6159

ATTORNEYS FOR DEFENDANT, CHOICEPOINT, LLC d/b/a CHOICEPOINT HEALTH